**SO ORDERED: December 12, 2007.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHARLES L. PETERSON, | ) | CASE NO. 00-13662-BHL-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CHARLES L. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. PRO. 07-50141 |
| | ) | |
| AMERICAN GENERAL FINANCE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on American General Finance, Inc.'s **Objections To Plaintiff's Discovery Requests** filed on October 1, 2007.  The Court held a hearing on October 2, 2007, at which time it granted the parties additional time to file supporting briefs.  On October

16, 2007, American General Finance, Inc. submitted its **Memorandum of Law Concerning Relevance of Intent in Contempt Proceeding.**  Also on October 16, 2007, Charles L. Peterson submitted **Plaintiff's Memorandum of Law Regarding Intent as an Element of Section 524 Litigation**.  Upon submission of these memoranda, the Court took the matter under advisement.

<u>Findings of Fact</u>

1) American General Finance, Inc. ("AGF") obtained a judgment against Charles L. Peterson ("Peterson") in a Delaware Court for the balance of a loan some time prior to Peterson's bankruptcy filing.

2) On November 8, 2000, Peterson filed for bankruptcy relief under chapter 7 of the bankruptcy code (Case No. 00-13662-BHL-7).  On or about the same day, the Court Clerk caused a written notice of the automatic stay to be mailed to AGF.  Peterson properly listed AGF as a creditor on Schedule F of his bankruptcy petition.

3) On November 17, 2000, counsel for AGF filed an appearance in Peterson's bankruptcy case.

4) On December 19, 2000, this Court granted a Motion to Avoid Lien of American General Finance.

5) On February 22, 2001, Peterson received his discharge.

6) On January 25, 2007, Peterson received a letter from Thomas Burke, a debt collector for AGF, attempting to collect on Peterson's discharged debt.

7) On February 22, 2007, Peterson filed a Motion to Reopen Bankruptcy Case in order to pursue a contempt claim against AGF for violating the discharge order under 11 U.S.C. § 524.

8) On August 9, 2007, during pre-trial discovery, Peterson sent **Plaintiff's First**

2

**Interrogatories** and **Plaintiff's First Request for Production of Documents** to AGF.  AGF

objected to several of the interrogatories and one of the requests for production on the grounds of

relevance and/or attorney-client privilege.  The interrogatories and request in dispute are as

follows:

Interrogatory No. 2:
    Identify all individuals or companies which do debt collections on behalf of the
Defendant in the State of Indiana presently or within the last two (2) years.

Interrogatory No. 3:
    Identify all current or former debtors of Defendant whose debts have been discharged in a
bankruptcy proceeding in the State of Indiana within the past two (2) years.

Interrogatory No. 4:
    Identify all communications between the Defendant and any individuals identified in your
response to Interrogatory No. 2.

Interrogatory No. 5:
    Identify all communications between Defendant and anyone identified in your responses
to Interrogatory No. 2 concerning any individuals identified in Interrogatory No. 3.

Request No. 3:
    All documents identified in your response to Plaintiff's First Interrogatories.

Conclusions of Law

Fed.R.Civ.P. 26(b), made applicable in these proceedings through Fed.Bk.R. 7026, only

allows for the discovery of relevant material.  In the discovery phase of a case, relevancy is to be

more liberally construed than at trial.  *Shaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 386

(N.D. Ill. 1990).  The burden, then is on the objecting party to "specifically detail why each

[request] is irrelevant." *Id.* at 387.

AGF's objections to Interrogatory No. 2 and Interrogatory No. 3 are based on relevance.

Specifically, they claim that the interrogatories seek information that is irrelevant and not

3

reasonably calculated to lead to the discovery of admissible evidence. AGF's objections to Interrogatory No. 4 and Interrogatory No. 5 are two-fold. They again object to the relevance of these inquiries, but they also claim that the information sought is subject to the attorney-client privilege. On the contrary, Peterson claims that all of the interrogatories are relevant to show AGF's intent to violate 11 U.S.C. §524.

*11 U.S.C. §524 Effect of Discharge* states in relevant part:

(a) A discharge in a case under this title –

. . .

the          (2) operates as an injunction against commencement or continuation of an action, employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

A creditor may be sanctioned under the statutory contempt powers of 11 U.S.C. §105 if the creditor *willfully* violated the discharge injunction of 11 U.S.C. §524. *In re Faust*, 270 B.R. 310, 315 (Bkrtcy.M.D.Ga., 1998). A creditor willfully violates section 524 if the creditor (1) knows that the discharge injunction was invoked, and (2) *intends* the actions which violate the injunction. *Id.* Intent of the creditor, therefore, is necessary to a finding of contempt for violation of 11 U.S.C. §524.

Interrogatory No. 2 and Interrogatory No. 3 seek information regarding debt collection and the treatment of other AGF customers. AGF's treatment of other customers is a relevant component of its intent. The evidence may show a history of bad acts on AGF's part, or prove that this was an isolated incident. Either way, it is evidence that will help show whether AGF intended the action which violated the injunction.

Interrogatory No.4 and Interrogatory No. 5 seek communication information between AGF and its debt collectors. Many of AGF's debt collectors, including Thomas Burke, are

attorneys.  Because AGF contacts those attorneys for the purpose of determining and enforcing

its legal rights, those communications are protected by the attorney-client privilege.

Communications with non-lawyer debt collectors are also shielded from disclosure by

Fed.R.Civ.P. 26(b)(3).  This rule limits the disclosure of material prepared in anticipation of

litigation or trial.  When AGF contacted these non-lawyer debt collectors, it is likely they did so

in anticipation of litigation.

It is therefore **ORDERED** that AGF respond to Interrogatory No. 2 and Interrogatory

No.3 within thirty (30) days of the entry of this order.  AGF's objection to Interrogatory No. 4

and Interrogatory No. 5 is **SUSTAINED** on the grounds discussed hereinabove.  Since Request

No. 3 deals directly with the aforementioned interrogatories, it is only necessary that AGF

produce documents identified in its response to Interrogatory No. 2 and Interrogatory No.3.

###

Distribution:

Mark S. Zuckerberg
333 North Pennsylvania Street, Suite 100
Indianapolis, IN  46204

Bruce D. Brattain
151 North Delaware Street, #760
Indianapolis, IN  46204

Edward B. Hopper, II
101 W. Ohio Street, Room 1000
Indianapolis, In  46204

Darren A. Craig
201 North Illinois Street, Suite 1000

P.O. Box 44961
Indianapolis, IN  46244-0961